David P. Johnson (#13260)
djohnson@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

Michael A. Albert (MA #558566)
(*Pro hac vice* motion forthcoming)
malbert@wolfgreenfield.com
Christina M. Licursi (MA #671737)
(*Pro hac vice* motion forthcoming)
clicursi@wolfgreenfield.com
Ryan Van Olst (MA #698181)
(*Pro hac vice* motion forthcoming)
rvanolst@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel. 617-646-8000

*Attorneys for Plaintiff*
*DRINK LMNT, INC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DRINK LMNT, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ELMNT, LLC, a Utah limited liability company,<br><br>          Defendant. | Civil Action No.: 2:26-cv-730<br><br><br>**COMPLAINT WITH INJUNCTIVE RELIEF REQUESTED**<br><br>**JURY DEMANDED** |

1

Plaintiff Drink LMNT, Inc. ("LMNT") brings this complaint against Defendant ELMNT, LLC ("ELMNT") for ELMNT's willful infringement of LMNT's trademark rights, protected by its federal registrations and common law, and alleges as follows:

## NATURE OF ACTION

1.      This case involves Defendant ELMNT's infringement of Plaintiff LMNT's mark LMNT, which LMNT has used to sell supplements since 2018.

2.      ELMNT has been selling dietary and nutritional supplements since around 2022, approximately four years after LMNT first started making sales under the LMNT mark.

3.      ELMNT uses the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT to sell its products. However, it places its TERRA ELMNT mark on its products in such a way that few, if any, consumers actually see the "TERRA" portion of the mark—which is significantly smaller and nearly imperceptible—as shown on the product packaging on ELMNT's website:

2



https://elmnthealth.com/products/tongkat-ali-fadogia (last visited August 4, 2026)

(Ex. 1)

4.      Despite ELMNT's knowledge of LMNT's prior rights, ELMNT has continued to use the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT, and other variations in which ELMNT is dominant. These uses cause a likelihood of confusion as to the source of ELMNT's supplements, ultimately diverting sales away from Plaintiff LMNT, and ELMNT's uses have in fact caused actual confusion among consumers. Below are examples of ELMNT's use of ELMNT and ELMNT HEALTH, sourced from the Google Ads Transparency Center database for "ELMNT, LLC."

3



ELMNT, LLC



https://adstransparency.google.com/advertiser/AR01623209909438906369?region=US

(last visited August 4, 2026) (Ex. 2)

5.      ELMNT's use also irreparably harms LMNT by depriving LMNT of the ability to control the reputation and goodwill associated with its LMNT marks, and consumers who encounter ELMNT's products will attribute their quality (and any negative experience) to LMNT.

6.      LMNT brings this action for damages and injunctive relief for trademark infringement, unfair competition, and false designation of origin pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), and for unfair competition

under the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101, *et seq.*, and the common law of the State of Utah. LMNT also seeks cancellation of ELMNT's TERRA ELMNT registration pursuant to 15 U.S.C. §§ 1064 and 1119.

## PARTIES

7.      LMNT is a Delaware corporation with a business address at 1150 Central Ave, Naples, FL 34102.

8.      ELMNT is a Utah limited liability company with a principal place of business at 560 S 100 W, Suite 15, Provo, UT 84601, USA.

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over the asserted claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over LMNT's state and common law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

11.     This Court has general personal jurisdiction over ELMNT. ELMNT is a limited liability company organized under the laws of the State of Utah with its principal place of business in Provo, Utah. ELMNT is at home in this forum and is subject to personal jurisdiction in Utah with respect to all claims asserted in this action.

5

12.    ELMNT also conducts substantial business in and from Utah, including marketing, promoting, offering for sale, and selling dietary and nutritional supplements bearing the infringing ELMNT, ELMNT HEALTH, and TERRA ELMNT marks from its Utah principal place of business through its interactive website and through online retail platforms such as Amazon and Walmart.com. ELMNT ships the accused products to consumers throughout the United States, including consumers in this District.

13.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because ELMNT resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to LMNT's claims—including ELMNT's marketing, offering for sale, and shipment of the accused products, directed from its principal place of business in this District—occurred here.

14.    Assignment to the Central Division is proper because ELMNT resides in Utah County, Utah, which is within the Central Division of this District. *See* 28 U.S.C. § 125.

## FACTUAL ALLEGATIONS

### A.    Plaintiff LMNT and Its LMNT Mark

15.    As early as 2018, LMNT began using the mark LMNT to promote and sell its supplement drink mixes and beverages, and LMNT has used the mark

LMNT continuously since that time. Since 2018, LMNT has committed millions of dollars to advertising its products throughout the United States, including in the State of Utah and in this District.

16.     LMNT continues to use the mark LMNT on its electrolyte supplement drink mixes and beverages today. Over the years, LMNT has sold millions of dollars of products bearing the mark LMNT.

17.     LMNT uses the mark LMNT in all capital letters on its products and in its marketing.

18.     The mark LMNT is a distinctive rendering of the word "element." Consumers pronounce LMNT as "element," and LMNT's marketing reinforces that pronunciation, including in podcasts, video advertisements, and other platforms.

19.     The mark LMNT is inherently distinctive as applied to LMNT's products. In addition, as a result of LMNT's extensive marketing, sales, and continuous use of the mark, the mark LMNT has acquired distinctiveness and secondary meaning, such that consumers associate LMNT with a single source of high-quality supplement products.

20. As a result of this marketing and sales, LMNT's mark LMNT has become well-recognized by consumers as a mark of high-quality products originating from LMNT.

21. This association is also shown through the hundreds of videos on YouTube and other social media platforms from non-parties reviewing and commenting on LMNT's products.

22. The strength of the LMNT mark and its association with high-quality products is also shown by LMNT's products having tens of thousands of reviews on Amazon while maintaining an average rating of 4.5 stars or higher even after so many reviews. LMNT is recognized as the "#1 Best Seller" in "Diet & Sports Nutrition Products" on Amazon. *See* https://www.amazon.com/Best-Sellers-Health-Household-Diet-Sports-Nutrition/zgbs/hpc/3764441/ref=zg_bs_unv_hpc_2_6973663011_1 (last visited August 4, 2026) (Ex. 3).

23. LMNT markets and sells its products through online channels of trade such as its own website, Amazon, and Walmart.com, and through "brick and mortar" stores such as Walmart, Target, and The Vitamin Shoppe.

24.     LMNT's target customers include athletes and health-conscious individuals, but are not so limited. LMNT markets and sells to any individuals who are looking to improve their health and performance through supplements.

25.     Beyond developing common law rights in its mark LMNT, LMNT has obtained federal trademark registrations for the mark LMNT in various forms, including in block letter format and in a stylized form, as shown below:

| Mark | Reg. No. and Date of Reg. | Goods and Services |
|---|---|---|
| LM NT (logo) | U.S. Reg. No. 6,984,164, Registered Feb. 21, 2023. (Ex. 4) | Dietary supplement drink mixes |
| LMNT (Block Letter) | U.S. Reg. No. 7,196,436, Registered Oct. 17, 2023. (Ex. 5) | Dietary beverage supplements for human consumption in liquid and dry mix form for therapeutic purposes; Dietary supplement drink mixes; Electrolyte replacement solutions<br><br>Vacuum bottles; Water bottles sold empty<br><br>Powders used in the preparation of sports drinks; Powders used in the preparation of |

| | | isotonic sports drinks and sports beverages |
|---|---|---|
| LMNT (Block Letter) | U.S. Reg. No. 7,444,299, Registered July 9, 2024. (Ex. 6) | Beverages containing electrolytes for use as a nutritional supplement; Dietary supplemental drinks in the nature of vitamin and mineral beverages<br><br>Non-alcoholic water-based beverages, namely, non-alcoholic water-based beverages, non-alcoholic carbonated beverages, energy drinks; Non-alcoholic water-based beverages also containing electrolytes; Sports drinks; Sports drinks containing electrolytes |

26.    Each of these registrations constitutes prima facie evidence of the validity of the registered mark, of LMNT's ownership of the mark, and of LMNT's exclusive right to use the mark in commerce in connection with the goods specified in the registration. 15 U.S.C. §§ 1057(b), 1115(a).

10

## B.   Defendant ELMNT and Its Adoption and Use of the ELMNT Marks

27.   ELMNT entered the supplement market and adopted the ELMNT, ELMNT HEALTH, and TERRA ELMNT marks in or around 2022— approximately four years after LMNT began using, and acquired trademark rights in, the LMNT mark.

28.   ELMNT used the mark ELMNT in commerce in the United States no earlier than January 2022.

29.   ELMNT used the mark TERRA ELMNT in commerce in the United States no earlier than January 2022.

30.   ELMNT used the mark ELMNT HEALTH in commerce in the United States no earlier than January 2022.

31.   On February 1, 2022, ELMNT filed U.S. Trademark Application No. 97/248,466 for the mark TERRA ELMNT for "Dietary and nutritional supplements." The application matured into U.S. Trademark Registration No. 7,118,388 on July 25, 2023.

32.   On information and belief, at the time ELMNT adopted the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT, ELMNT was aware of LMNT and of LMNT's use of the LMNT mark. By January 2022, LMNT had been

11

marketing and selling supplement products under the LMNT mark for approximately four years, had spent millions of dollars advertising those products, and was among the best-known supplement brands sold through the same online channels—including Amazon and Walmart.com—through which ELMNT sells its own products.

33.    ELMNT uses the mark ELMNT alone to market and sell its products. An example from ELMNT's website is shown below, referring to the "**ELMNT**" capsule and additionally featuring a prominent standalone "**ELMNT**" watermark at the bottom of the image:



https://elmnthealth.com/products/tongkat-ali-fadogia

(last visited August 4, 2026) (Ex. 7)

34.     ELMNT routinely promotes its products under the mark ELMNT alone. In addition to the example above, ELMNT presents its brand as ELMNT elsewhere throughout its website, in its product listings on Amazon, in its listings on third-party online retailers including Walmart.com, on its social media accounts, on its YouTube channel and in its YouTube video content (examples attached as Ex. 8), and in its advertising creatives as reflected in Google's Ads Transparency Center database (*supra* ¶ 4).



www.elmnthealth.com/about-elmnt
(as captured in LMNT's February 2024 letter to ELMNT)

13



https://www.facebook.com/photo.php?fbid=112968228331356&set=pb.10008854
5384239.-2207520000&type=3
(last visited August 4, 2026)



https://www.youtube.com/watch?v=GSgcxp08Xco
(last visited August 4, 2026)

14

# MAXIMUM **PURITY**. PRECISE **POTENCY**.

**ELMNT** supplements are manufactured in a USA
GMP-certified facility and made with non-GMO
ingredients that are individually tested by 3rd party
labs to ensure maximum purity and precise potency.

https://www.amazon.com/stores/ELMNTHealth/page/11CE2D1D-15FB-4CE5-9E52-3259EA0B2F75
(last visited August 4, 2026)

**ELMNT 21,800mg Testosterone Booster for Men
Male Enhance w. Tongkat Ali Horny Goat Weed+
Pre-Workout**
⭐⭐⭐⭐½ (4.5)  ∨  249 ratings

https://www.walmart.com/ip/ELMNT-21-800mg-Testosterone-Booster-for-Men-Male-Enhance-w-Tongkat-Ali-Horny-Goat-Weed-Pre-Workout/5222946084
(last visited August 4, 2026)

35.   ELMNT also uses the mark ELMNT in all capital letters, and the marks TERRA ELMNT and ELMNT HEALTH, to market and sell its products, examples of which are shown in paragraph 4. Said use includes within the domain <elmnthealth.com> and in the titles of Google Ads.

36.   Although ELMNT obtained a federal registration for the composite mark TERRA ELMNT, ELMNT does not present TERRA ELMNT as its brand in

15

the marketplace. As shown in paragraph 3, the "TERRA" portion is displayed on ELMNT's product packaging in lettering so small as to be nearly imperceptible, and ELMNT omits "TERRA" altogether across much of its marketing, including its website, its domain name <elmnthealth.com>, its Google advertising, its YouTube content, and its listings on third-party online retailers, as shown in paragraphs 33 and 34. On information and belief, based on this pattern of use, "TERRA" and "HEALTH" serve little or no source-identifying function in ELMNT's marketing or to its consumers.

### C. The ELMNT Marks Are Similar to the LMNT Mark in Appearance, Sound, and Meaning

37. The marks ELMNT, ELMNT HEALTH, and TERRA ELMNT are confusingly similar to the mark LMNT in appearance, sound, meaning, connotation, and commercial impression.

38. In appearance, ELMNT incorporates the entirety of the LMNT mark: all four letters of LMNT appear in ELMNT, in the same order, differing only by the addition of a leading "E." Both parties present their marks in capital letters in marketing their supplement products. In addition, ELMNT presents on its product packaging a letter abbreviation inside a square outline, as shown in paragraph 3,

16

imitating the square-format presentation of LMNT's registered logo mark shown in paragraph 25.

39.     In sound, the marks are identical. As alleged in paragraph 18, LMNT is pronounced "element." ELMNT is likewise pronounced "element." A consumer who hears either mark spoken aloud—in an advertisement, a video, or a word-of-mouth recommendation—hears the same word.

40.     In meaning and commercial impression, both marks are renderings of the word "element" with the vowels omitted, and both suggest "element" to consumers in connection with dietary supplement products.

41.     ELMNT's composite marks do not dispel this similarity. "HEALTH" is descriptive as applied to supplement products, leaving ELMNT as the dominant, source-identifying portion of ELMNT HEALTH. And as alleged in paragraph 36, the "TERRA" portion of TERRA ELMNT is nearly imperceptible as actually used, leaving ELMNT as the dominant portion of that mark as consumers encounter it.

42.     Because the dominant portion of each of ELMNT's marks is ELMNT—identical to LMNT in sound and meaning, and nearly identical in appearance—consumers encountering ELMNT's marks are likely to believe that ELMNT's products originate from, or are affiliated, connected, or associated with, LMNT.

**D.     The Parties Sell Competing Products to the Same Customers Through the Same Channels**

43.     The parties sell overlapping and closely related products. LMNT sells supplements and supplement beverages. ELMNT sells supplements. ELMNT's own trademark registration describes its goods as "Dietary and nutritional supplements"—a description that encompasses the supplement products LMNT sells under its registrations. Both parties' products are dietary supplements marketed for health, energy, and performance.

44.     ELMNT directs its marketing and sales towards individuals and athletes looking to improve their health, energy, and performance through supplements—the same customers LMNT targets, as alleged in paragraph 24. The parties are competitors.

45.     ELMNT uses its own website, Amazon, and Walmart.com to promote and sell its products under the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT—the same online channels through which LMNT promotes and sells its products.

46.     For example, when searching for "ELMNT" with incognito mode enabled and cookies disabled on Walmart.com, LMNT's and ELMNT's products

18

are visibly placed in immediate proximity to each other on the website, increasing the likelihood of consumer confusion and initial interest confusion:



https://www.walmart.com/search?q=elmnt
(last visited August 4, 2026)
(Ex. 9)

47.     The same is true elsewhere. Searches for "ELMNT" with incognito mode enabled and cookies disabled on Amazon.com return LMNT's and ELMNT's products in close proximity on the same results pages, and Google

searches for ELMNT's products return references to, and listings for, both parties' products side by side. Representative examples are attached as Ex. 10.

48.    On information and belief, consumers searching online for both parties' supplement products use the search terms "lmnt," "elmnt," and "element," and consumers searching for either party's products encounter the other party's products in the results, as shown and described in paragraphs 46 and 47.

49.    The parties' products are low to modestly priced consumer goods, typically costing under $30 per product or unit. Consumers buy them online, frequently through marketplace search listings of the kind shown above, in which marks appear in plain text and product tiles are displayed side by side. Purchasers of such products are unlikely to exercise a high degree of care in distinguishing between marks that are identical in sound and nearly identical in appearance, like LMNT and ELMNT.

### E.    Actual Confusion

50.    ELMNT's use of its marks has caused actual confusion among consumers and other market participants.

51.    LMNT has on several occasions received communications from consumers, through its customer service channels, reflecting actual confusion between LMNT and ELMNT—including from consumers who believed ELMNT's

20

products were LMNT's products and from consumers who believed the two companies were affiliated or the same. These communications include some from consumers who had purchased ELMNT's products.

52.    LMNT's customer service records document several instances in which consumers and third parties confused ELMNT with LMNT, contacted LMNT about ELMNT's products or charges, or believed the companies were affiliated. The instances below are illustrative, not exhaustive.

53.    In November 2023, a consumer wrote to LMNT asking whether LMNT was "related to the supplement brand ELMNT," and observing that "if not," then ELMNT "may be ripping off your brand." The consumer attached a screenshot of ELMNT's website displaying the mark as the consumer encountered it with "ELMNT" in large, dominant lettering and "TERRA" in small, nearly invisible text above it.

54.    In May 2025, a raw-materials supplier seeking to do business with ELMNT sent its solicitation to LMNT instead. The email was expressly addressed to "TERRA ELMNT" and offered creatine monohydrate for use in ELMNT's supplement products, yet the supplier directed it to LMNT.

55.    In January 2026, a consumer who subscribed to ELMNT's products contacted LMNT—the wrong company—asking LMNT to delay her refill and

issue a refund, or else cancel her subscription. When LMNT could not locate any corresponding order, the consumer provided a record of a $53.91 charge from "SP ELMNT LLC" (ELMNT's billing descriptor) and a copy of her ELMNT order confirmation. Only after this extended exchange with LMNT's customer service being unable to locate her order did the consumer learn she contacted the wrong company and asked "Is LMNT something different than ELMNT?"

56.  In April 2026, a consumer contacted LMNT—the wrong company—asking LMNT to cancel a recurring order of ELMNT's products. When LMNT could not locate any such order, the consumer provided a payment record confirming that the recurring charge was from the merchant "Terra Elmnt" and appeared on the consumer's statement as "SP ELMNT LLC," ELMNT's billing descriptor.

57.  On information and belief, ELMNT has likewise received inquiries and communications from consumers who confused the parties' brands, believed the companies were affiliated, or contacted ELMNT regarding LMNT's products.

58.  On information and belief, the documented instances above understate the actual confusion occurring in the marketplace: most confused consumers never report their confusion to either party, and additional instances of actual confusion have occurred and are ongoing.

22

59. On information and belief, absent injunctive relief, such confusion will continue and increase as ELMNT expands its use of the ELMNT marks.

**F.     ELMNT's Knowledge and Continued Infringement**

60. Plaintiff LMNT has not authorized Defendant ELMNT to use the marks ELMNT, ELMNT HEALTH, TERRA ELMNT, or other variations containing the term ELMNT in the sale and marketing of ELMNT's products.

61. LMNT has no control over the nature and quality of the goods that ELMNT markets and sells under the marks ELMNT, ELMNT HEALTH, or TERRA ELMNT.

62. In December 2023, LMNT sent ELMNT a letter putting ELMNT on notice of LMNT's rights and of ELMNT's infringement. In its written response to that letter and related subsequent correspondence, ELMNT refused to make any changes to its packaging, listings, or website, or otherwise take action to address or prevent the likelihood of confusion with, and ongoing infringement of, the LMNT mark.

63. ELMNT has also had constructive notice of LMNT's federal trademark registrations pursuant to 15 U.S.C. § 1072.

64. Notwithstanding this notice, ELMNT has continued—and, on information and belief, expanded—its use of the ELMNT marks, including its use

23

of ELMNT alone. The uses shown in paragraphs 33 and 34 are representative examples.

65.   ELMNT continues to use ELMNT alone throughout its website, in its product listings on Amazon, in its listings on third-party online retailers including Walmart.com, on its social media accounts, and on its YouTube channel, as alleged in paragraph 34. ELMNT has likewise made no change to its product packaging, on which "TERRA" remains nearly imperceptible.

66.   ELMNT's use of the infringing ELMNT, ELMNT HEALTH, and TERRA ELMNT marks has harmed, and will continue to harm, the goodwill symbolized by LMNT's LMNT mark and the reputation for quality and excellence that it embodies.

67.   Absent injunctive relief, LMNT will continue to suffer irreparable harm, at least in the form of loss of control of its reputation and goodwill in its LMNT mark.

68.   This and other damages to LMNT's reputation and goodwill in its LMNT mark resulting from ELMNT's infringing conduct can neither be easily quantified nor undone through an award of money damages alone.

## COUNT I
### Federal Trademark Infringement of U.S. Trademark Reg. Nos. 6,984,164, 7,196,436, and 7,444,299 in Violation of 15 U.S.C. § 1114

69.     LMNT incorporates the allegations in paragraphs 1 through 68 as if fully set forth here.

70.     LMNT is the owner of all right, title, and interest in, to and under its LMNT mark, including the trademark registrations listed in paragraph 25 and all goodwill and common law rights appurtenant thereto.

71.     LMNT's federal registrations on the Principal Register are prima facie evidence of validity and LMNT's exclusive right to use the marks pursuant to 15 U.S.C. § 1115.

72.     LMNT has continuously and widely used the mark LMNT nationwide and on e-commerce platforms. LMNT intends to preserve and maintain its rights to, and continued use of, the LMNT mark.

73.     Without LMNT's consent, ELMNT has used, and continues to use, reproductions, copies, or colorable imitations of the LMNT mark in connection with the sale, offering for sale, distribution, or advertising of goods in interstate commerce in connection with the promotion, advertisement, and sale of supplements.

25

74.     For the reasons alleged above—including but not limited to the similarity of the marks in appearance, sound, and meaning (paragraphs 37 through 42); the parties' overlapping and closely related products, common customers, and common channels of trade (paragraphs 43 through 49); the actual confusion that has already occurred (paragraphs 50 through 57); and ELMNT's adoption and use of marks confusingly similar to Plaintiff's LMNT mark with knowledge of LMNT and its rights (paragraphs 27 through 36 and 60 through 68)—ELMNT's unauthorized use of Plaintiff's LMNT mark, as protected by the U.S. trademark registrations listed in paragraph 25, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, as to the source of ELMNT's products and as to affiliation, connection, or association between ELMNT and LMNT.

75.     The acts of ELMNT as alleged herein and above constitute trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

76.     ELMNT has engaged in this conduct knowingly, willfully, and in bad faith. As alleged in paragraphs 27 through 36 and 60 through 68, ELMNT adopted its marks with knowledge of LMNT and its rights; received written notice of its infringement from LMNT in December 2023; stated in its written response that it would make no changes; and has continued and expanded its unauthorized use of

26

the ELMNT marks. LMNT is therefore entitled to treble damages and its reasonable attorneys' fees.

77.    ELMNT's unlawful actions have caused and are continuing to cause LMNT irreparable injury and monetary damages.

78.    As a direct and proximate result of ELMNT's conduct, LMNT has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the LMNT mark, resulting in lost revenues and profits and diminished goodwill.

79.    LMNT has no adequate remedy at law and, if ELMNT's activities are not preliminarily and permanently enjoined, LMNT will continue to suffer irreparable harm and injury.

80.    LMNT is entitled to recover ELMNT's profits, LMNT's actual damages, and the costs of the action, and to have those damages trebled, pursuant to 15 U.S.C. § 1117(a). This is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling LMNT to its reasonable attorneys' fees. LMNT is further entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### Unfair Competition and False Designation of Origin in Violation of
### 15 U.S.C. § 1125(a)

81.     LMNT incorporates the allegations in paragraphs 1 through 80 as if fully set forth herein.

82.     LMNT is the owner of all right, title, and interest in, to and under its LMNT mark, and all goodwill appurtenant thereto. Plaintiff's LMNT mark has been continuously and widely used by LMNT nationwide and on e-commerce platforms since as early as 2018—about four years before ELMNT entered the market and adopted the ELMNT, ELMNT HEALTH, and TERRA ELMNT marks—and LMNT's rights in the LMNT mark are prior and superior to any rights of ELMNT in its marks. LMNT intends to preserve and maintain its rights to the LMNT mark and to continue the use of the LMNT mark in connection with its supplement products.

83.     The LMNT mark is inherently distinctive. In addition, by virtue of LMNT's extensive marketing, sales, and continuous use, the LMNT mark has developed secondary meaning and significance in the mind of the relevant public, as alleged in paragraph 19, from a date prior to ELMNT's adoption or priority in the ELMNT, ELMNT HEALTH, and TERRA ELMNT marks. The purchasing

28

public associates goods bearing the LMNT mark with a single source, namely LMNT.

84.   Without LMNT's consent, ELMNT has used, and continues to use, in interstate commerce words, terms, names, symbols, or devices—the ELMNT, ELMNT HEALTH, and TERRA ELMNT marks—and false designations of origin, in connection with the promotion, advertisement, offering for sale, and sale of its supplement products.

85.   For the reasons alleged above—including the similarity of the marks in appearance, sound, and meaning (paragraphs 37 through 42); the parties' overlapping and closely related products, common customers, and common channels of trade (paragraphs 43 through 49); the actual confusion that has already occurred (paragraphs 50 through 57); and ELMNT's adoption and use of marks confusingly similar to Plaintiff's LMNT mark with knowledge of LMNT and its rights (paragraphs 27 through 36 and 60 through 68)—ELMNT's unauthorized use of the LMNT mark, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, as to the source of ELMNT's products and as to affiliation, connection, or association between ELMNT and LMNT.

86. The acts of ELMNT as alleged herein constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87. ELMNT has engaged in this conduct knowingly, willfully, and in bad faith. As alleged in paragraphs 27 through 36 and 60 through 68, ELMNT adopted its marks with knowledge of LMNT and its rights; received written notice of its infringement from LMNT in December 2023; stated in its written response that it would make no changes; and has continued and expanded its unauthorized use of marks confusingly similar to Plaintiff's LMNT mark. LMNT is therefore entitled to treble damages and its reasonable attorneys' fees.

88. ELMNT's conduct has deprived LMNT of its rightful ability to control the quality of goods uniquely associated with Plaintiff's LMNT mark and to ensure that the valuable goodwill and reputation associated with the LMNT mark are protected. ELMNT's unlawful actions have caused and are continuing to cause LMNT irreparable injury and monetary damages.

89. As a direct and proximate result of ELMNT's conduct, LMNT has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the LMNT mark, resulting in lost revenues and profits and diminished goodwill.

90.    LMNT has no adequate remedy at law and, if ELMNT's activities are not preliminarily and permanently enjoined, LMNT will continue to suffer irreparable harm and injury.

91.    LMNT is entitled to recover ELMNT's profits, LMNT's actual damages, and the costs of the action, and to have those damages trebled, pursuant to 15 U.S.C. § 1117(a). This is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling LMNT to its reasonable attorneys' fees. LMNT is further entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### Unfair Competition in Violation of Utah Common Law

92.    LMNT incorporates the allegations in paragraphs 1 through 91 as if fully set forth herein.

93.    Plaintiff's LMNT mark serves as a designation of source for LMNT and has become well and favorably known throughout the United States and within the State of Utah.

94.    ELMNT's conduct, as set forth above, constitutes unfair competition under Utah common law. ELMNT has engaged in deceptive and misleading acts that have caused, and are likely to cause, consumer confusion, mistake, or

deception as to the affiliation, connection, or association between ELMNT and LMNT, and as to the origin, sponsorship, or approval of ELMNT's goods, including for the reasons alleged in paragraphs 37 through 68.

95.	ELMNT engaged in this conduct knowingly, willfully, and in bad faith.

96.	ELMNT's intentional and willful actions have caused and are continuing to cause LMNT irreparable injury and monetary harm.

97.	As a direct and proximate result of ELMNT's conduct, LMNT has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the LMNT mark, resulting in lost revenues and profits and diminished goodwill, in an amount not yet fully ascertained.

98.	LMNT has no adequate remedy at law. Unless ELMNT's unlawful conduct is preliminarily and permanently enjoined, LMNT will continue to suffer irreparable harm.

## COUNT IV
### Unfair Competition in Violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101, *et seq.*

99.	LMNT incorporates the allegations in paragraphs 1 through 98 as if fully set forth herein.

100. LMNT owns intellectual property, namely the LMNT mark and the goodwill symbolized by it, including LMNT's federal trademark registrations listed in paragraph 25 and its common law rights in the LMNT mark developed through continuous use in commerce since 2018, as alleged in paragraphs 15 through 24.

101. ELMNT's conduct, as set forth above, constitutes an intentional business act or practice that is unlawful, unfair, or fraudulent, constitutes infringement of LMNT's trademarks, and leads to a material diminution in the value of LMNT's intellectual property, within the meaning of Utah Code Ann. § 13-5a-102(4).

102. ELMNT's conduct has led, and continues to lead, to a material diminution in the value of LMNT's intellectual property, including the goodwill symbolized by the LMNT mark and the value of LMNT's trademark registrations.

103. The acts of ELMNT as alleged herein and above constitute unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101, *et seq.*

104. ELMNT engaged in this conduct knowingly, willfully, and in bad faith.

105.   As a direct and proximate result of ELMNT's unfair competition, LMNT has been and will continue to be injured in its business, and LMNT is entitled to recover its actual damages, costs and attorneys' fees, and punitive damages, pursuant to Utah Code Ann. § 13-5a-103.

## COUNT V
**Cancellation of U.S. Trademark Reg. No. 7,118,388 under
15 U.S.C. § 1064**

106.   LMNT incorporates the allegations in paragraphs 1 through 105 as if fully set forth herein.

107.   LMNT is the rightful owner of common law rights in the mark LMNT and of the trademark registrations listed in paragraph 25.

108.   As a result of LMNT's extensive and continuous use of the LMNT mark, that mark identifies LMNT and its products.

109.   As alleged in paragraph 31, on February 1, 2022, ELMNT filed, without authorization from LMNT, U.S. Trademark Application No. 97/248,466 for the mark TERRA ELMNT for "Dietary and nutritional supplements," and the application proceeded to registration on July 25, 2023 as U.S. Trademark Registration No. 7,118,388 ("TERRA ELMNT Registration") (Ex. 11).

110.   The products ELMNT offers and which are featured within the TERRA ELMNT Registration—in connection with a mark that is substantially

similar to LMNT's LMNT mark—are identical or related to those goods LMNT offers and sells under the LMNT mark, including the trademark registrations listed in paragraph 25.

111. The mark featured within the TERRA ELMNT Registration is similar in appearance, sound, and commercial impression to the LMNT mark, as alleged in paragraphs 37 through 42.

112. The mark covered by the TERRA ELMNT Registration is confusingly similar to the LMNT mark, constituting a reproduction, copying, or colorable imitation of the LMNT mark in a manner that is likely to cause confusion, mistake, or is likely to deceive consumers.

113. Continued registration of the TERRA ELMNT mark will damage LMNT because the registered mark is likely to cause confusion, and ELMNT's U.S. Trademark Registration No. 7,118,388 should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119.

### PRAYER FOR RELIEF

WHEREFORE, LMNT prays for judgment and relief against ELMNT as follows:

A. For preliminary and permanent injunctive relief enjoining ELMNT and any principals, agents, servants, employees, successors and

35

assigns of ELMNT and all those in privity, concert or participation with ELMNT from:

i.    imitating, copying, duplicating or otherwise making any use of Plaintiff's LMNT mark or any mark confusingly similar to Plaintiff's LMNT mark, including the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT;

ii.    using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any product or service advertised, promoted, offered or sold by ELMNT is sponsored, endorsed, connected with, approved or authorized by LMNT;

iii.    using the domain <elmnthealth.com> in connection with the sale of supplements;

iv.    using, displaying, or bidding on Google Ads or any other form of advertising, marketing, or promotion that incorporates the marks LMNT, ELMNT, ELMNT HEALTH, TERRA ELMNT, or any confusingly similar variations thereof in connection with supplements, drink mixes, or beverages;

36

v.  causing likelihood of confusion or injury to LMNT's business reputation and to the distinctiveness of the LMNT mark by unauthorized use of the LMNT mark or any mark confusingly similar to the LMNT mark;

vi.  engaging in any other activity constituting unfair competition or infringement of LMNT's mark or LMNT's rights in or to use or exploit the same;

vii.  operating, maintaining, or offering products for sale through any storefront, seller account, or product listing under the marks ELMNT, ELMNT HEALTH, or TERRA ELMNT, or any confusingly similar variation thereof, on Amazon.com, Walmart.com, or any other online retail platform or marketplace;

viii.  assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vii) above.

B.  Find that ELMNT has infringed upon Plaintiff's LMNT mark in violation of federal and common law and damaged LMNT's goodwill by its conduct.

C.   Cancel U.S. Trademark Registration No. 7,118,388 for the mark

TERRA ELMNT pursuant to 15 U.S.C. § 1119, and direct

certification of the order to the Director of the United States Patent

and Trademark Office.

D.   Find that ELMNT has unfairly competed with LMNT by the acts

complained of herein in violation of federal law, the Utah Unfair

Competition Act, and common law.

E.   Order that ELMNT remove any and all references to the ELMNT,

ELMNT HEALTH, and TERRA ELMNT marks, including any

company or account names, logos, photographs, videos, and any other

posts or references, from the Internet and social media outlets, such as

Facebook, Instagram, and X, and from online retail platforms and

marketplaces, including ELMNT's storefront and product listings on

Amazon.com and Walmart.com.

F.   Order that ELMNT deliver up for destruction, or show proof of

destruction of, all products, labels, packaging, signs, prints,

advertisements, marketing materials, and other materials in ELMNT's

possession, custody, or control bearing the marks ELMNT, ELMNT

HEALTH, or TERRA ELMNT, or any confusingly similar variation

thereof, together with all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118.

G. Find ELMNT liable and award LMNT monetary relief, including ELMNT's profits and LMNT's actual damages resulting from ELMNT's infringement and unfair competition, pursuant to 15 U.S.C. § 1117(a), Utah Code Ann. § 13-5a-103, and the common law of the State of Utah, and treble the award made under 15 U.S.C. § 1117(a) in view of the willful and intentional nature of ELMNT's conduct.

H. Award to LMNT punitive damages in view of ELMNT's willful and intentional conduct, pursuant to Utah Code Ann. § 13-5a-103 and the common law of the State of Utah.

I. Award to LMNT its attorneys' fees based on the exceptional nature of this case, together with all of LMNT's costs and expenses of litigation pursuant to 15 U.S.C. § 1117(a) and Utah Code Ann. § 13-5a-103.

J. Award to LMNT pre-judgment and post-judgment interest.

K. Grant to LMNT such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

LMNT demands a trial by jury on all issues so triable.

39

Respectfully submitted,

Date: August 5, 2026

WORKMAN NYDEGGER
/s/ David P. Johnson
David P. Johnson

Michael A. Albert
Christina M. Licursi
Ryan Van Olst

WOLF, GREENFIELD & SACKS, P.C.

*Counsel for Plaintiff Drink LMNT, Inc.*