F. Christopher Austin (7133)
LEX TECNICA
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel. 702-610-9094
chris@lextecnica.com

*Attorneys for Defendant and Counterclaim-Plaintiff*
*ELMNT, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| DRINK LMNT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELMNT, LLC, a Utah limited liability company,<br><br>Defendant. | **DEFENDANT'S ANSWER AND COUNTERCLAIMS**<br><br>Case No.: 2:26-cv-00730-DBB-PK<br><br>District Judge David B. Barlow<br>Magistrate Judge Paul Kohler<br><br>**JURY TRIAL DEMANDED** |

Pursuant to the Court's September 1, 2026, Order (ECF No. 19), Defendant ELMNT, LLC ("ELMNT"), by its undersigned counsel, hereby answers the Complaint (ECF No. 1, the "Complaint") filed by Plaintiff Drink LMNT, Inc. ("DLI") on August 5, 2026. Unless expressly admitted, ELMNT denies each and every allegation in the Complaint. To the extent the Complaint characterizes specific documents or communications, ELMNT refers to the referenced documents or communications for a true and accurate recitation of their contents. To the extent DLI's

allegations are inconsistent with those documents, such allegations are denied. To the extent allegations state legal conclusions, no response is required; to the extent a response is deemed required, they are denied.

## NATURE OF ACTION[1]

1. ELMNT admits that DLI's claims in the Complaint purport to relate to alleged infringement of DLI's mark. ELMNT denies that any infringement has occurred. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of the second clause of paragraph 1 regarding whether DLI "has used [any mark] to sell supplements since 2018," and on that basis denies them.

2. ELMNT admits that it has sold supplements since around 2022. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations in the remainder of paragraph 2, and on that basis denies them.

3. ELMNT admits that it owns the valid, registered trademark "TERRA ELMNT," Registration No. 7,118,388, and that it markets products using that mark. ELMNT denies the remainder of the allegations in paragraph 3.

4. The allegations in the first two sentences of paragraph 4 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of the first two sentences of paragraph 4. ELMNT admits that the final sentence of paragraph 4 purports to reference images of advertising of ELMNT's products and a

[1] The headings and subheadings reflect the language used by DLI in its Complaint and are repeated herein for convenience. ELMNT denies any implicit or explicit allegations in DLI's headings and subheadings. ELMNT's use of the same language in its Answer as is used in the Complaint is not an admission as to the headers' veracity.

link to a website. ELMNT refers to those images and websites for their contents and denies any characterization of them inconsistent with their contents. ELMNT denies any remaining allegations of paragraph 4.

5. ELMNT denies the allegations of paragraph 5.

6. ELMNT admits that the Complaint purports to raise claims under the Lanham Act, the Utah Unfair Competition Act, and Utah common law, and seeks the cancellation of ELMNT's valid, registered "TERRA ELMNT" trademark. ELMNT denies that DLI's claims have any merit, or that DLI is entitled to any relief. ELMNT denies any remaining allegations of paragraph 6.

## PARTIES

7. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 7, and on that basis denies them.

8. ELMNT admits the allegations of paragraph 8.

## JURISDICTION & VENUE

9. ELMNT admits that this Court has subject matter jurisdiction over the claims asserted in the Complaint. ELMNT denies that DLI's claims have any merit and denies any remaining allegations of paragraph 9.

10. ELMNT admits that this Court has supplemental jurisdiction over DLI's state-law claims. ELMNT denies that those claims have any merit and denies any remaining allegations of paragraph 10.

11. ELMNT admits the allegations of paragraph 11.

12. ELMNT admits that it ships products marketed using its valid, registered "TERRA ELMNT" trademark to consumers located in the State of Utah. The remaining allegations of

paragraph 12 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 12.

13. ELMNT admits that venue is proper in this District. ELMNT denies that any events giving rise to a valid claim occurred and denies any remaining allegations of paragraph 13.

14. ELMNT admits that assignment to the Central Division is proper. ELMNT denies any remaining allegations of paragraph 14.

## FACTUAL ALLEGATIONS

### A. Plaintiff LMNT and Its [Alleged] LMNT Mark

15. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 15, and on that basis denies them.

16. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 16, and on that basis denies them.

17. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 17, and on that basis denies them.

18. The allegations of paragraph 18 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 18, and on that basis denies them.

19. The allegations of paragraph 19 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 19.

20. ELMNT denies the allegations of paragraph 20.

21. ELMNT lacks knowledge or information sufficient to form a belief as to the number or content of third-party videos referenced in paragraph 21, and on that basis denies them. ELMNT denies that any such videos demonstrate an association of the LMNT mark with a single source, and denies any remaining allegations of paragraph 21.

22. ELMNT lacks knowledge or information sufficient to form a belief as to the number of reviews or ratings of DLI's products, and on that basis denies them, and ELMNT denies the remaining allegations of the first sentence of paragraph 22. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 22, and on that basis denies them.

23. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 23, and on that basis denies them.

24. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 24, and on that basis denies them.

25. ELMNT admits that the records of the United States Patent and Trademark Office reflect the issuance of U.S. Reg. Nos. 6,984,164, 7,196,436, and 7,444,299 on the dates and for the goods stated in paragraph 25. ELMNT denies that those registrations are valid or enforceable against ELMNT, and denies any remaining allegations of paragraph 25.

26. The allegations in paragraph 26 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 26.

**B. Defendant ELMNT and Its Adoption and Use of the ELMNT Marks**

27. ELMNT admits that it filed an application for registration of its valid, registered "TERRA ELMNT" trademark in or around February 2022, and obtained registration for its valid, registered "TERRA ELMNT" trademark in or around July 2023. ELMNT admits that it has sold supplements marketed using its valid, registered "TERRA ELMNT" trademark since around 2022. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 27, and on that basis denies them.

28. ELMNT denies the allegations of paragraph 28.

29. ELMNT admits that it has sold supplements marketed using its valid, registered "TERRA ELMNT" trademark since around January 2022. ELMNT denies any remaining allegations of paragraph 29.

30. ELMNT denies the allegations of paragraph 30.

31. ELMNT admits that it filed an application for registration of its valid, registered "TERRA ELMNT" trademark in or around February 2022 in the category "IC 005: Dietary and nutritional supplements," and obtained registration for its valid, registered "TERRA ELMNT" trademark in or around July 2023.

32. ELMNT denies the allegations of the first sentence of paragraph 32. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 32, and on that basis denies them.

33. ELMNT denies the allegations of the first sentence of paragraph 33. ELMNT admits that the final sentence of paragraph 33 purports to reference images of advertising of ELMNT's products and a link to a website. ELMNT refers to those images and websites for their

contents and denies any characterization of them inconsistent with their contents. ELMNT denies any remaining allegations of paragraph 33.

34. ELMNT denies the allegations of the first sentence of paragraph 34. ELMNT admits that the final sentence of paragraph 34 purports to reference images of advertising of ELMNT's products and links to various websites. ELMNT refers to those images and websites for their contents and denies any characterization of them inconsistent with their contents. ELMNT denies any remaining allegations of paragraph 34.

35. ELMNT admits that it has sold supplements marketed using its valid, registered "TERRA ELMNT" trademark since around 2022. ELMNT denies the remaining allegations of paragraph 35.

36. ELMNT denies the allegations of paragraph 36.

**C. [Plaintiff Alleges That] The ELMNT Marks Are Similar to the LMNT Mark in Appearance, Sound, and Meaning**

37. ELMNT denies the allegations of paragraph 37.

38. ELMNT admits that its valid, registered "TERRA ELMNT" trademark is presented on its packaging in capital letters. ELMNT denies the allegations of the first and final sentences of paragraph 38. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of the second sentence of paragraph 38, and on that basis denies them.

39. ELMNT denies the allegations of the first sentence of paragraph 39. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 39, and on that basis denies them.

40. ELMNT denies the allegations of paragraph 40.

41. ELMNT denies the allegations of paragraph 41.

42. ELMNT denies the allegations of paragraph 42.

**D. [Plaintiff Alleges That] The Parties Sell Competing Products to the Same Customers Through the Same Channels**

43. ELMNT admits that it filed an application for registration of its valid, registered "TERRA ELMNT" trademark in or around February 2022 in the category "IC 005: Dietary and nutritional supplements," that it obtained registration for its valid, registered "TERRA ELMNT" trademark in or around July 2023, and that it markets products to customers using that trademark. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 43, and on that basis denies them.

44. The allegations of paragraph 44 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 44, and on that basis denies them.

45. ELMNT admits that it sells and markets products to consumers through its website, amazon.com, and walmart.com. ELMNT denies the remaining allegations of the first clause of paragraph 45. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of the second clause of paragraph 45, and on that basis denies them.

46. ELMNT denies that there is any likelihood of consumer confusion or initial interest confusion between its products and DLI's products. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of the second clause of paragraph 46, and on that basis denies them.

47. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 47, and on that basis denies them.

48. ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 48, and on that basis denies them.

49. ELMNT denies that any marks owned by DLI and ELMNT are "identical in sound and nearly identical in appearance." ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 49, and on that basis denies them.

**E. [Alleged] Actual Confusion**

50. ELMNT denies the allegations of paragraph 50.

51. ELMNT denies that there is actual confusion between products marketed and sold by ELMNT and DLI respectively. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 51, and on that basis denies them.

52. ELMNT denies that there is actual confusion between products marketed and sold by ELMNT and DLI respectively. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 52, and on that basis denies them.

53. ELMNT denies that there is actual confusion between products marketed and sold by ELMNT and DLI respectively. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 53, and on that basis denies them.

54. ELMNT denies that there is actual confusion between products marketed and sold by ELMNT and DLI respectively. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 54, and on that basis denies them.

55. ELMNT denies that there is actual confusion between products marketed and sold by ELMNT and DLI respectively. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 55, and on that basis denies them.

56. ELMNT denies that there is actual confusion between products marketed and sold by ELMNT and DLI respectively. ELMNT lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 56, and on that basis denies them.

57. ELMNT denies the allegations of paragraph 57.

58. ELMNT denies the allegations of paragraph 58.

59. ELMNT denies the allegations of paragraph 59.

**F. ELMNT's [Alleged] Knowledge and [Alleged] Continued Infringement**

60. ELMNT admits the allegations of paragraph 60.

61. ELMNT admits that DLI has no control over the nature and quality of the goods that ELMNT markets or sells. ELMNT denies the remaining allegations of paragraph 61.

62. ELMNT admits that the parties have exchanged correspondence regarding DLI's claims. ELMNT refers to that correspondence for its contents and denies any characterization of it inconsistent with its contents. ELMNT denies the remaining allegations of paragraph 62.

63. The allegations of paragraph 63 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 63.

64. ELMNT admits that it markets and sells products using its valid, registered "TERRA ELMNT" trademark. ELMNT denies the remaining allegations of paragraph 64.

65. ELMNT denies the allegations of paragraph 65.

66. ELMNT denies the allegations of paragraph 66.

67. ELMNT denies the allegations of paragraph 67.

68. ELMNT denies the allegations of paragraph 68.

**COUNT I**

**[Alleged] Federal Trademark Infringement of U.S. Trademark Reg. Nos. 6,984,164, 7,196,436, and 7,444,299 in Violation of 15 U.S.C. § 1114**

69. ELMNT repeats its prior responses contained in paragraphs 1 through 68 as though set forth in full herein.

70. The allegations of paragraph 70 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 70.

71. The allegations of paragraph 71 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 71.

72. The allegations of paragraph 72 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 72, and on that basis denies them.

73. ELMNT denies the allegations of paragraph 73.

74. ELMNT denies the allegations of paragraph 74.

75. ELMNT denies the allegations of paragraph 75.

76. ELMNT denies the allegations of paragraph 76.

77. ELMNT denies the allegations of paragraph 77.

78. ELMNT denies the allegations of paragraph 78.

79. ELMNT denies the allegations of paragraph 79.

80. ELMNT denies the allegations of paragraph 80.

## COUNT II

**[Alleged] Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

81. ELMNT repeats its prior responses contained in paragraphs 1 through 80 as though set forth in full herein.

82. The allegations of paragraph 82 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 82, and on that basis denies them.

83. The allegations of paragraph 83 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 83.

84. ELMNT denies the allegations of paragraph 84.

85. ELMNT denies the allegations of paragraph 85.

86. ELMNT denies the allegations of paragraph 86.

87. ELMNT denies the allegations of paragraph 87.

88. ELMNT denies the allegations of paragraph 88.

89. ELMNT denies the allegations of paragraph 89.

90. ELMNT denies the allegations of paragraph 90.

91. ELMNT denies the allegations of paragraph 91.

## COUNT III

**[Alleged] Unfair Competition in Violation of Utah Common Law**

92. ELMNT repeats its prior responses contained in paragraphs 1 through 91 as though set forth in full herein.

93. The allegations of paragraph 93 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 93, and on that basis denies them.

94. ELMNT denies the allegations of paragraph 94.

95. ELMNT denies the allegations of paragraph 95.

96. ELMNT denies the allegations of paragraph 96.

97. ELMNT denies the allegations of paragraph 97.

98. ELMNT denies the allegations of paragraph 98.

## COUNT IV

**[Alleged] Unfair Competition in Violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101, et seq.**

99. ELMNT repeats its prior responses contained in paragraphs 1 through 98 as though set forth in full herein.

100. The allegations of paragraph 100 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 100.

101. ELMNT denies the allegations of paragraph 101.

102. ELMNT denies the allegations of paragraph 102.

103. ELMNT denies the allegations of paragraph 103.

104. ELMNT denies the allegations of paragraph 104.

105. ELMNT denies the allegations of paragraph 105.

**COUNT V**
**Cancellation of U.S. Trademark Reg. No. 7,118,388 under 15 U.S.C. § 1064**

106. ELMNT repeats its prior responses contained in paragraphs 1 through 105 as though set forth in full herein.

107. The allegations of paragraph 107 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 107.

108. The allegations of paragraph 108 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 108.

109. ELMNT admits that it filed an application for registration of its valid, registered "TERRA ELMNT" trademark in or around February 2022 with Serial No. 97248466 in the category "IC 005: Dietary and nutritional supplements," and obtained registration for its valid, registered "TERRA ELMNT" trademark in or around July 2023, with Registration No. 7,118,388.

110. ELMNT denies the allegations of paragraph 110.

111. The allegations of paragraph 111 consist of legal conclusions, to which no response is required. To the extent that a response is required, ELMNT denies the allegations of paragraph 111.

112. ELMNT denies the allegations of paragraph 112.

113. ELMNT denies the allegations of paragraph 113.

## PRAYER FOR RELIEF

ELMNT denies that DLI is entitled to any of its requested relief.

WHEREFORE, ELMNT requests that the Court (a) dismiss the Complaint with prejudice and enter judgment that DLI take nothing; (b) deny DLI's request to cancel U.S. Reg. No. 7,118,388; (c) find this case exceptional under 15 U.S.C. § 1117(a) and award ELMNT its reasonable attorneys' fees; (d) award ELMNT its costs; and (e) grant such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

As further, separate defenses, without assuming the burden of proof of any such defense that would otherwise rest with DLI, ELMNT asserts the following:

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense
### (Lack of Confusion)

DLI's claims are barred because ELMNT's conduct is not likely to cause confusion among consumers, or to cause any mistake regarding affiliation or origin regarding ELMNT's products.

### Third Affirmative Defense
### (Unclean Hands)

DLI's claims are barred by the doctrine of unclean hands due to, among other things, DLI's tortious interference with ELMNT's business relationships.

**<u>Fourth Affirmative Defense</u>**
**(Equitable Defenses)**

DLI's claims are barred under principles of equity, including, but not limited to, waiver, laches, estoppel, and acquiescence.

**<u>Fifth Affirmative Defense</u>**
**(No Damages)**

DLI has not suffered recoverable damages, and any alleged damages are speculative.

**<u>Sixth Affirmative Defense</u>**
**(Failure to Mitigate)**

To the extent that DLI suffered any damages from ELMNT's alleged conduct, DLI failed to mitigate such damages.

**<u>Additional Defenses</u>**

ELMNT's investigation of its defenses is ongoing, and ELMNT expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, the laws of the State of Utah, and any other defense, at law or in equity, that may now exist or may in the future be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

Counterclaim-Plaintiff ELMNT, by and through its undersigned counsel, hereby files the following Counterclaims against Plaintiff-Counterclaim-Defendant DLI, and alleges as follows:

### Substance of the Counterclaims

1. These counterclaims arise out of DLI's improper, unfair, and unlawful conduct that has interfered with ELMNT's business relationships with its counterparties and business partners, and specifically DLI's improper interference with ELMNT's ability to sell its products to customers by filing knowingly false complaints regarding ELMNT's products with online retailer Amazon.com. Such conduct constitutes tortious interference with economic relations.

2. Counterclaim-Plaintiff ELMNT further seeks a declaratory judgment of non-infringement of Counterclaim-Defendant DLI's trademarks.

### The Parties

3. Counterclaim-Plaintiff ELMNT is a limited liability company organized and existing under the laws of the State of Utah, with a principal place of business at 560 S 100 W, Suite 15, Provo, UT 84601, USA. Counterclaim-Plaintiff is the manufacturer and seller of a range of dietary and nutritional supplements, which it markets under its "TERRA ELMNT" brand.

4. Counterclaim-Defendant DLI is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1150 Central Ave, Naples, FL 34102. On information and belief, DLI has been and is doing business in this District by advertising, promoting, and selling its products to customers in this District.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over ELMNT's claims for declaratory relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121 because these claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6. This Court has subject matter jurisdiction over ELMNT's claims of tortious interference with economic relations arising under Utah common law pursuant to 28 U.S.C. § 1367 because those claims are so related to its claims arising out of federal law that they form part of the same case or controversy, and because the counterclaims arise out of transactions and occurrences that are the subject of DLI's own claims against ELMNT.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or (c) because DLI transacts business in this District and/or because a substantial portion of the events giving rise to the claims occurred in this District, and because the counterclaims arise out of the transactions and occurrences that are the subject of DLI's own claims against ELMNT.

8. DLI is subject to the personal jurisdiction of this Court pursuant to Utah Code Ann. § 78B-3-205 because a substantial portion of the events giving rise to the claims occurred in this District, because DLI has been and is doing business in this District by advertising, promoting, and selling its products to customers in this District, because DLI's conduct has resulted in injury within this District, and because the counterclaims arise out of the transactions and occurrences that are the subject of DLI's own claims against ELMNT. DLI has also consented to the personal jurisdiction of this Court by filing its Complaint in this District.

## The TERRA ELMNT Registered Trademark

9. Since in or around January 2022, ELMNT has marketed, promoted, and sold dietary and nutritional supplement products using its "TERRA ELMNT" trademark.

10. On February 1, 2022, ELMNT filed an application for registration of its "TERRA ELMNT" trademark with the United States Patent and Trademark Office.

11. On July 25, 2023, the United States Patent and Trademark Office approved and registered ELMNT's "TERRA ELMNT" trademark, with Registration No. 7,118,388.

12. The "TERRA ELMNT" trademark is inherently distinctive as applied to ELMNT's products, and customers associate products bearing the mark with high-quality dietary and nutritional supplements that derive from a single origin—ELMNT.

13. ELMNT's nutritional and dietary supplements are marketed and promoted in advertising and packaging that typically features both "TERRA" in addition to "ELMNT," and are not sold in packaging that solely includes the "ELMNT" portion of the registered trademark.

14. Products sold under ELMNT's "TERRA ELMNT" trademark typically feature "TERRA" placed above the "ELMNT" portion of the mark, include typefaces of different sizes and colors, and include both "TERRA" and "ELMNT" in regular orthographic order, in contrast to DLI's marks, which typically comprise "LM" above "NT" in a "box" formation not employed in any manifestation of ELMNT's products.

15. The types of products marketed and sold by ELMNT and DLI differ substantially: DLI restricts itself to electrolytes that comprise additions to beverages or drinks, whereas ELMNT markets a range of dietary and nutritional supplements, none of which are electrolytes.

16. As a result, there is no likelihood of consumer confusion or initial interest confusion between ELMNT's products marketed and sold under its "TERRA ELMNT" registered trademark and products marketed and sold by DLI.

**ELMNT's Online Customer Sales**

17. ELMNT conducts all of its sales of its nutritional and dietary supplements marketed under its "TERRA ELMNT" trademark through online retail portals, which include not only ELMNT's own website, but also general online retailers including Amazon.com, which provides a platform through which third-party sellers such as ELMNT can offer their products to a broad base of customers.

18. ELMNT's business model relies on the ability to provide its high-quality nutritional and dietary supplements through online retailers like Amazon.com. Given the competitive market for such products, ELMNT depends on high levels of brand visibility and availability on such platforms, because customer inertia means that customers typically stick with a brand with which they are familiar provided that it is available through the platform that they use for purchases.

19. For this reason, ELMNT's business model and profitability rely heavily on its products being constantly available to consumers through online retail platforms such as Amazon.com. When customers search for ELMNT's products or seek to re-order such products, it is important for them to be able to do so with minimal effort and without switching online retail platforms.

20. For this and other reasons, ELMNT expends significant resources to work with online retailers such as Amazon.com to protect its brand, ensure continuity of access, and provide

rapid, effective customer service to ensure that its customers remain satisfied and do not move to competing products.

21. As part of this effort, ELMNT has registered its "TERRA ELMNT" products with the Amazon.com Brand Registry.

22. The Amazon.com Brand Registry enables sellers with branded products and registered trademarks to offer discounts and deals to customers, increase the exposure of their brand, and review sales metrics to develop more effective business strategies with respect to those products.

23. Proof of a valid registered trademark is necessary for a seller to gain access to the services offered by Amazon.com's Brand Registry.

24. Since 2022, ELMNT's "TERRA ELMNT" trademark has been enrolled in Amazon.com's Brand Registry. As part of the process to enroll the trademark, ELMNT provided Amazon.com with proof of its registered trademark.

**Amazon.com's Notice of Infringement Policies and Practices**

25. In order to prevent potential violations of intellectual property laws and regulations on its platform, Amazon.com offers holders of intellectual property the opportunity to submit a "Notice of Infringement" against products that they allege infringe their intellectual property. Such Notices of Infringement can include claims of trademark infringement.

26. It is widely understood in the online sale industry that upon receiving a Notice of Infringement against specific products, Amazon.com's policy is to immediately remove such products from its online marketplace, and to then conduct a review of the validity of the claim of

infringement. Only after a claim is determined to be meritless will the availability of those products on the Amazon.com platform be reinstated.

27. During the period when Amazon.com is conducting its review of the validity of a claim raised in a Notice of Infringement, customers are unable to purchase the targeted products through Amazon.com, and those products do not appear in searches for products across the platform.

28. This practice of Amazon.com presents an opportunity for malicious actors to submit false, defamatory, inaccurate, inauthentic, fraudulent, or harassing Notices of Infringement to temporarily prevent customers from purchasing the products of competitors on Amazon.com's retail platform.

29. However, Amazon expressly prohibits the submission of false, defamatory, inaccurate, inauthentic, fraudulent, or harassing Notices of Infringement.

30. Amazon.com's terms of use state: "Important Warning: Giving false, misleading, or inaccurate information in the Notice Form to Amazon may result in civil and/or criminal liability. You should contact a legal advisor should you have any questions." https://ship.amazon.com/site-terms?utm (last accessed September 25, 2026).

31. Amazon.com's guidance regarding the submission of Notices of Infringement further provides: "**Important:** Multiple submissions of inaccurate or inauthentic notices could lead to the removal of your submission privileges." https://sellercentral.amazon.com/help/hub/reference/external/U5SQCEKADDAQRLZ (last accessed September 25, 2026).

32. Knowingly submitting false, defamatory, inaccurate, inauthentic, fraudulent, or harassing Notices of Infringement on Amazon.com's platform is contrary to the express terms of the platform, and violates the standards expected of participants in the Amazon.com marketplace.

**DLI's Knowledge of ELMNT's "TERRA ELMNT" and Efforts at Enforcement**

33. Upon information and belief, DLI knew or should have known of ELMNT's use of its registered "TERRA ELMNT" trademark in commerce for the marketing and sale of nutritional and dietary supplements at least by November 2023.

34. DLI knew or should have known that ELMNT's "TERRA ELMNT" trademark was valid and registered, including but not limited to through correspondence between the parties in December 2023.

35. DLI did not seek to enforce its marks against ELMNT through judicial means until March 20, 2025, when it filed a Complaint in the United States District Court for the District of Massachusetts (the "Massachusetts Complaint"). *See Drink LMNT, Inc. v. ELMNT, LLC*, No. 1:25-cv-10659-MJJ (D. Mass.). The Massachusetts Complaint included a copy of ELMNT's registration of its "TERRA ELMNT" trademark as Exhibit 9.

36. DLI's case against ELMNT in the District of Massachusetts was dismissed on November 5, 2025, for lack of personal jurisdiction. *See Drink LMNT, Inc. v. ELMNT, LLC*, No. 1:25-cv-10659-MJJ (D. Mass.) (Dkt. No. 29).

**DLI's Improper Interference with ELMNT's Business Prospects**

37. Upon information and belief, DLI is familiar with the policies and procedures surrounding Amazon.com's Brand Registry program described in paragraphs 21-24 above.

38. Upon information and belief, DLI has enrolled its own marks in Amazon.com's Brand Registry program.

39. DLI is aware that enrollment in Amazon.com's Brand Registry program requires an applicant to submit proof of a valid trademark for approval.

40. Upon information and belief, DLI knew or should have known in November 2025 that ELMNT had enrolled its "TERRA ELMNT" trademark in Amazon.com's Brand Registry program.

41. Upon information and belief, DLI is familiar with Amazon.com's policies and procedures surrounding the submission of Notices of Infringement, and that such Notices of Infringement result in the removal of targeted products from the Amazon.com online marketplace.

42. Upon information and belief, DLI knows or should know that it is improper to submit false, inaccurate, or misleading Notices of Infringement to Amazon.com.

43. Upon information and belief, DLI knows or should know that submitting false or inaccurate Notices of Infringement to Amazon.com constitutes a violation of Amazon.com's policies and procedures.

44. As described in paragraph 36 above, on November 5, 2025, DLI's case against ELMNT in the District of Massachusetts was dismissed for lack of personal jurisdiction.

45. On November 7, 2025—two days after the dismissal of the Massachusetts action—counsel for DLI submitted numerous meritless Notices of Infringement to Amazon.com, targeting the following 20 ELMNT products:

| |
|---|
| Super Collagen Powder for Women Weight Loss + Beauty w. Probiotics, Hyaluronic Acid, ACV, KSM-66, Biotin - Premium Multi Collagen Peptides Protein Supplement Colageno for Women (Unflavored) |
| 2150mg Super Liposomal Glutathione Supplement w. Vitamin C, Quercetin & Pure L Glutathione 2000mg Triple Action Formula Glutathione Liposomal Supplement w. Phospholipid Layer - 90 Pills, Non-GMO |
| 228,000mg 200x Strength Tongkat Ali for Men w. 30x Fadogia Agrestis Extract - 10% Eurycomanone Highest Potency Longjack Fadogia Agrestis Tongkat Ali Supplement - Muscle Growth Support Pills for Men |
| Triple Sleep Magnesium L-Threonate Powder w. Apigenin, L-Theanine + Melatonin - Magtein Magnesium L Threonate Supplement - High Strength Magnesium for Deep Sleep & Calm Natural Sleep Aid for Adults |
| 10,150mg Libido Booster for Women 30x Strength Red Maca Root + KSM66 Ashwagandha, Horny Goat Weed, Damiana Capsules - Pure Maca Peruana for Women's Libido Fast Acting Mood & Testosterone Supplement |
| 21,800mg Testosterone Booster for Men 8X Strength w. Ashwagandha, Tongkat Ali, Pycnogenol, Tribulus - Total T Testosterone Supplement for Men Male Enhancing Libido Test Booster + Muscle Builder Pills |
| 4,050mg Libido Booster for Women KSM-66 Ashwagandha Gummies w. 30x Strength Red Maca Root - Strongest Female Libido Mood Booster + Hormone Balance for Women Cortisol Reducer & Stress Relief Gummy |
| Premium Liquid Collagen for Women Weight Loss & Beauty w. Hyaluronic Acid, Biotin, L-Carnitine, Apple C Vinegar - Ultra Pure Multi Collagen Protein Shots Drink + Hair & Skin Liquid Vitamins - Colageno |
| AMPM Nootropic Total Focus + Calm 9X Strength w. Caffeine, L-Theanine, Alpha GPC, L-Tyrosine, Ashwagandha - X-Release Energy Pills Nootropics Brain Support Supplements for Memory and Focus Supplement |
| Triple Sleep Magnesium Threonate w. Apigenin, Theanine & Magtein Magnesium L-Threonate - High Absorption Magnesium Supplement Capsules for Men and Women Magnesium Powder Pills |
| 40,000mg 40x Strength Organic Black Maca Root w. Ashwagandha - #1 Highest Potency Black Maca Root Capsules for Men Supplement 40:1 Extract - 100% Pure Maca Peruana Maca Powder Pills Gelatinized |
| 20,000mg 16x Strength Lions Mane Supplement Capsules Super Nootropic w. Ashwagandha & Rhodiola - Highest Potency Lion's Mane Mushroom Extract 50% Polysaccharides Brain Supplements for Memory and Focus |

| |
|---|
| 103,800mg Black Shilajit for Men 100x Strength w. Ashwagandha & Tongkat Ali 10% Extract - Ultra Pure Himalayan Shilajit Capsules 60% Fulvic Acid - Energy, Stamina & Performance Mens Health Supplement |
| Super Collagen Burn for Women w. Probiotics, Hyaluronic Acid, Apple C Vinegar, KSM66, Biotin+ Premium Colageno Multi Collagen Protein Powder for Weight Loss, Fat Burner, Hair, Skin+ (R-Lemonade) |
| 2,450mg Extra Strength Melatonin XR Sleep Gummies w. Slow Release Melatonin, Magnesium Theanine & Sensoril Ashwagandha - Time Release Melatonin Gummies Natural Sleep Aid for Adults Gomitas Para Dormir |
| 2150mg Super Liposomal Glutathione Supplement w. Vitamin C, Quercetin & Pure L Glutathione 2000mg Triple Action Formula Glutathione Liposomal Supplement w. Phospholipid Layer - 90 Pills, Non-GMO |
| 141,500mg GLP-1 Berberine Weight Loss Supplement + Dihydroberberine, Ceylon Cinnamon, Chromium Picolinate, Bitter Melon - 100x Strength Berberine 1500mg Natural Appetite Suppressant Pills for Women |
| Super Collagen Burn Powder for Women w. Hyaluronic Acid, KSM66, Apple C Vinegar, Probiotics, Biotin - Premium Multi Collagen Peptides Protein for Weight Loss + Beauty Hair Skin Nails (Pink Lemonade) |
| Astaxanthin 24mg + Lycopene 50mg Clinical Strength Carotenoids Skin Supplement w. 100% Natural from MicroAlgae - Best Astaxanthin Supplements for Skin Health & Pigmentation - Astaxantina |
| Premium Chocolate Collagen for Women Weight Loss & Beauty w. Probiotics, ACV, KSM66, Hyaluronic Acid, Biotin & Patented Multi Collagen Peptides Protein Powder - Colageno Hidrolizado for Women |

46. DLI engaged in this conduct in retaliation for its lack of success on its claims in the Massachusetts action, and in order to pressure ELMNT into settling this dispute on unfavorable terms to ELMNT.

47. Each meritless Notice of Infringement was accompanied by a description of the alleged violation from counsel, as follows:

-- Ryan Van Olst
-- ryan.vanolst@wolfgreenfield.com
**Rights owner communication:** Since 2018, LMNT has used the mark LMNT for dietary supplements, and it owns U.S. registrations for this mark. ELMNT LLC is infringing LMNT's mark by selling dietary supplements using the confusingly similar mark ELMNT in its Amazon storefront name, product titles, and packaging. The marks sound identical, look nearly identical, have the same connotation, and target the same consumers. ELMNT's use is likely to cause confusion as to source or affiliation, and erode LMNT's goodwill. ELMNT claims to distinguish the marks by adding the word TERRA but that does nothing to dispel confusion. "TERRA" is in a tiny, nearly imperceptible font, while ELMNT remains the overwhelmingly dominant portion. Despite prior written notice, ELMNT continues to advertise and sell infringing products through Amazon. LMNT has filed suit for trademark infringement (No. 1:25-cv-10659-MJJ, D. Mass.). LMNT requests removal of the product pages and storefront featuring the infringing ELMNT and TERRA ELMNT marks.

48. The "Rights owner communication" offered by DLI was false and misleading, in violation of the law and Amazon.com's policies, and actively concealed information that would quickly allow Amazon.com to determine that its claims were meritless.

49. The "Rights owner communication" offered by DLI misleadingly did not inform Amazon.com that ELMNT owned a registered trademark in its "TERRA ELMNT" branding, and that ELMNT had enrolled the mark in Amazon.com's Brand Registry program, rendering it unsuitable for removal from Amazon.com's marketplace based on a Notice of Infringement.

50. The "Rights owner communication" offered by DLI misleadingly suggested that the storefront name used by ELMNT was solely "ELMNT" when the actual name as it appears is "TERRA ELMNT."

51. The "Rights owner communication" offered by DLI misleadingly stated that "LMNT has filed suit for trademark infringement (No. 1:25-cv-10659-MJJ, D. Mass)," implying that the Massachusetts action was still active, and suggesting that Amazon.com might face liability for failing to remove products subject to ongoing litigation. In reality, the Massachusetts action had been dismissed two days prior to DLI's filing of the Notice of Infringement.

52. At the time that DLI filed the Notices of Infringement, it knew or should have known that its actions would result in Amazon.com removing listings for ELMNT's products from

its online platform, preventing customers from purchasing those products and resulting in lost revenues for ELMNT.

53. Upon information and belief, imposing these lost revenues on ELMNT was the entire purpose of filing the Notices of Infringement.

54. Upon information and belief, when counsel for DLI filed the meritless, false, and misleading Notices of Infringement, it knew or should have known that its requests were baseless, lacked merit, and violated Amazon.com's policies. DLI also knew or should have known that ELMNT's products would be restored to Amazon.com's platform following Amazon.com's customary review and conclusion that DLI's Notices of Infringement were invalid. Nonetheless, DLI knew that filing the Notices of Infringement, even if meritless, would result in a period of unavailability of those products, preventing customers from purchasing those products, damaging ELMNT's brand image, and causing harm to ELMNT's sales.

55. Indeed, following its receipt of DLI's meritless Notices of Infringement, Amazon.com conducted an investigation, sought additional information from ELMNT, and ultimately restored every product to its platform.

56. Filing a significant number of meritless Notices of Infringement solely for the purpose of harassing and damaging a competitor is improper and unlawful, and violates Amazon.com's express policies regarding Notices of Infringement, which constitute an established standard of trade for companies that sell primarily or exclusively through online channels.

57. DLI used deceit, equivocation, misrepresentations, and disparaging falsehoods in order to get Amazon.com to improperly remove ELMNT's listings, even if such removal was only temporary.

58. As a consequence, ELMNT's existing and potential customers were unable to access ELMNT's products.

59. As such, DLI's conduct amounts to tortious interference with business relations involving improper means under Utah law, particularly because DLI's sole purpose was to harass and damage ELMNT in an attempt to cajole ELMNT into agreeing to unfavorable settlement terms.

**Damages Incurred by ELMNT from DLI's Conduct**

60. As described in paragraphs 17-20 above, loss of access to online retail platforms can result in lost revenue and profits from sales because customers seek out alternative options on the same platform rather than finding alternative platforms on which their preferred products are still sold.

61. Following the November 7, 2025 filing of the meritless Notices of Infringement by DLI, ELMNT observed an immediate decline in its sales of the targeted products that was caused by the impact that accompanies such Notices of Infringement and the lack of availability of those products to consumers on Amazon.com.

62. Notably, DLI submitted its meritless Notices of Infringement on November 7, 2025, shortly before the major shopping days of Black Friday and Cyber Monday when consumers are particularly likely to make unusually large purchases of products. To the extent that ELMNT's product listings had not been restored to Amazon.com by the time consumers sought deals or purchases as part of those events or the lead up to those events, ELMNT was especially harmed by the timing of DLI's tortious conduct.

63. Furthermore, even after the targeted products were reinstated to Amazon.com, ELMNT has observed a long-term negative impact on its sales of those products that is ongoing to this day.

64. Preliminary analysis indicates that lost revenues to date exceed $800,000, and continue to grow as the impact of DLI's misconduct is still being felt in ELMNT's lower sales of products on Amazon.com.

**COUNT I**
**(Tortious Interference with Economic Relations)**

65. Counterclaim-Plaintiff ELMNT restates and realleges the allegations of paragraphs 1-64 as if fully set forth herein.

66. ELMNT's relationship with and ability to market and sell its nutritional and dietary supplements on Amazon.com's online retail platforms constitutes a valuable existing and potential economic relationship.

67. On November 7, 2025, DLI intentionally submitted meritless Notices of Infringement against a wide range of ELMNT's products as alleged in paragraphs 45-51 above.

68. DLI included false and misleading statements in its Notices of Infringement submitted to Amazon.com, and knew or should have known that such statements were false or misleading at the time they were submitted.

69. DLI knew or should have known that its submission of meritless Notices of Infringement would directly result in the temporary removal of the targeted ELMNT products from the Amazon.com platform, preventing customers from purchasing those products on the platform, during the particularly lucrative retail period leading up to Black Friday and Cyber Monday.

70. Accordingly, DLI used improper means to interfere with the valuable economic relations between ELMNT, Amazon.com, and customers who were interested in purchasing ELMNT products on the Amazon.com platform. By knowingly submitting meritless Notices of Infringement solely for the purpose of damaging ELMNT, DLI contravened an established standard of trade or profession, including but not limited to violations of Amazon.com's express policies regarding meritless Notices of Infringement. DLI accomplished this through improper means including the knowing inclusion of misrepresentations and disparaging falsehoods in its Notices of Infringement, and deception of Amazon.com by failing to identify ELMNT's "TERRA ELMNT" registered trademark, the fact that the "TERRA ELMNT" trademark was enrolled in Amazon.com's Brand Registry program, or that the lawsuit it referenced had already been dismissed.

71. DLI's conduct deprived ELMNT of sales revenues of its products from the Amazon.com platform during the lucrative retail period leading up to Black Friday and Cyber Monday.

72. DLI's conduct further damaged ELMNT's brand recognition and customer relationships, and has resulted in long-term declines in sales of the targeted products due to the period during which such products were not available on the Amazon.com platform.

73. In addition to compensatory damages, ELMNT is entitled to punitive damages on account of DLI's willful and malicious interference with its economic relations, which occurred in the wake of the dismissal of DLI's claims in related federal litigation.

**COUNT II**
**(Declaratory Judgment of Non-Infringement)**

74. Counterclaim-Plaintiff ELMNT restates and realleges the allegations of paragraphs 1-73 as if fully set forth herein.

75. ELMNT's "TERRA ELMNT" registered trademark is distinct in terms of wording, color, orthography, and presentation when compared to any of the trademarks asserted by DLI, for reasons described in paragraphs 12-16 above.

76. ELMNT offers a wide range of nutritional and dietary supplements under its "TERRA ELMNT" trademark, whereas DLI's products are readily distinguishable as only comprising supplements that can be added to beverages.

77. For these reasons, there is no likelihood of consumer confusion, initial interest confusion, or confusion as to origin between ELMNT's products and DLI's products.

78. ELMNT is entitled to a judgment that its products marketed under its "TERRA ELMNT" trademark do not infringe any marks asserted by DLI in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff ELMNT respectfully seeks entry of judgment in its favor and against DLI with respect to its counterclaims, as follows:

A. Compensatory and punitive damages for DLI's tortious interference with economic relations;

B. Declaratory judgment of non-infringement;

C. A finding that this is an exceptional case pursuant to 15 U.S.C. § 1117(a), and an award of reasonable attorneys' fees and costs;

D. Any other relief that the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), ELMNT demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: September 30, 2026.

LEX TECNICA

*<u>/s/ F. Christopher Austin</u>*

F. Christopher Austin (7133)
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel. 702-610-9094
chris@lextecnica.com

*Attorneys for Defendant and Counterclaim-Plaintiff ELMNT, LLC*