# EXHIBIT B

David P. Johnson (#13260)
djohnson@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: 801-533-9800

Michael A. Albert (pro hac vice)
malbert@wolfgreenfield.com
Evan C. Jones (pro hac vice)
ejones@wolfgreenfield.com
Christina M. Licursi (pro hac vice)
clicursi@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: 617.646.8000

Ryan Van Olst (pro hac vice)
rvanolst@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.571.5001

*Attorneys for Plaintiff Drink LMNT, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| DRINK LMNT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELMNT, LLC, a Utah limited liability company,<br><br>Defendant. | **SCHEDULING ORDER**<br><br>Case No. 2:26-cv-00730-DBB-PK<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Paul Kohler |

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-4.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

| | | |
|---|---|---|
| **1.** | **PRELIMINARY MATTERS** | |
| a. | **Fed. R. Civ. P. 26(f)(1) Conference:** *(date the conference was held)* | September 11, 2026 |
| b. | **Participants:** *(include the name of the party and attorney, if applicable)*<br>Ryan Van Olst, counsel for Plaintiff Drink LMNT, Inc.; F. Christopher Austin, counsel for Defendant ELMNT, LLC. | |
| c. | **Fed. R. Civ. P. 26(a)(1) Initial Disclosures:** *(the parties have exchanged initial disclosures or will exchange no later than the date provided)*<br>The parties previously exchanged initial disclosures in Drink LMNT, Inc. v. ELMNT, LLC, No. 2:25-cv-01018 (M.D. Fla.), and have stipulated that those disclosures are deemed served in this action. The parties will serve any supplements by the date provided. | October 30, 2026 |
| d. | **Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission. Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived.** | Yes ☒ No ☐ |

| | | |
|---|---|---|
| **2.** | **PROTECTIVE ORDER** | |
| a. | **The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential.** | Yes ☒ No ☐ |

| | |
|---|---|
| b. | **If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2:** *(describe the need for a protective order)*<br>Good cause exists for the court's Standard Protective Order because discovery is expected to require disclosure of the parties' non-public sales and revenue data, advertising expenditures, marketing strategy, customer information, and commercially sensitive business records, and, in connection with ELMNT's counterclaims, the parties' non-public communications with Amazon.com, brand-protection and enforcement records, and listing-level sales data. The parties are using the SPO and do not propose a different protective order. The parties have separately stipulated that materials designated under their February 27, 2026 Confidentiality Agreement in Drink LMNT, Inc. v. ELMNT, LLC, No. 2:25-cv-01018 (M.D. Fla.), which remains in full force and effect, are deemed produced in this action and will be treated under the corresponding designations of the SPO, provided that no material will receive less protection in this action than it received under that agreement. |
| c. | **If a protective order is needed and the parties are not using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court. The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d):** *(describe the process)*<br>N/A. The parties are using the court's SPO. |
| d. | **If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order:** *(describe the process)*<br>N/A. The parties anticipate the disclosure of confidential material and are using the court's SPO. See ¶ 2.b above. |

| **3.** | **DISCOVERY PLAN** | |
|---|---|---|
| a. | **Discovery Plan: The parties agree to the following discovery plan.**<br>• **If the parties disagree, clearly indicate the disagreement in the space below:** | Yes ☒ No ☐ |

| | |
|---|---|
| b. | **Discovery Subjects:** *(describe the subject areas in which discovery will be needed)*<br>The parties' respective uses of the marks at issue; the parties' anticipated future uses of the marks at issue; the strength, distinctiveness, and commercial recognition of their marks; selection and adoption of the marks at issue; the parties' channels of trade, marketing, and customers; actual confusion; sales, revenues, and profits; and damages; and, as to ELMNT's counterclaims, the parties' respective Amazon.com Brand Registry enrollments, Notices of Infringement, and related communications with Amazon.com; the parties' knowledge of each other's marks and registrations; the status of ELMNT's Amazon.com listings; and claimed damages. |
| c. | **Discovery Phases:**<br>• **Will discovery be conducted in phases? If so, please explain.**<br>• **Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.**<br>Discovery will not be phased. The parties note that a significant portion of discovery was completed in Drink LMNT, Inc. v. ELMNT, LLC, No. 2:25-cv-01018 (M.D. Fla.), and, per the parties' stipulation, is deemed served and produced in this action. No depositions were taken in the Florida action. Remaining fact discovery includes supplemental and additional written discovery directed to the parties' claims, completion of document production, depositions, third-party discovery under Fed. R. Civ. P. 45, and discovery directed to ELMNT's counterclaims. The parties will complete a mediation or settlement conference by June 11, 2027. |
| d. | **Electronically Stored Information:** *(describe how the parties will handle discovery of electronically stored information)*<br>The parties will take reasonable steps to preserve relevant electronically stored information and will produce ESI in the format in which the parties exchanged productions in the Florida action. The parties will meet and confer regarding any additional ESI issues, and may supplement by written agreement. |
| e. | **Privilege or Protection – Trial Preparation Material:** *(describe how the parties will handle claims of privilege or protection as to trial preparation material asserted after production)*<br>See the parties' stipulation and the proposed Scheduling Order (Rule 502(d) non-waiver and claw-back procedure). The stipulation provides that its Fed. R. Evid. 502(d) provision addresses only waiver by production, and does not affect whether a privilege or protection exists or has been waived on any other ground, and permits a producing party to assert a claim of privilege or protection over produced material at any time, with the procedures of Fed. R. Civ. P. 26(b)(5)(B) to apply. |

| | |
|---|---|
| f. | **Generative Artificial Intelligence:** *(describe the parties' agreement about using public Generative AI tools used to analyze any confidential information contained in a discovery production, including how the information will be destroyed upon completion of the litigation)*<br>No party will enter confidential information contained in a discovery production into any public generative AI tool, except where the tool does not use such information or prompts to train its machine learning models or algorithms or to improve its related services. Confidential discovery material processed through any such tool will be destroyed at the conclusion of the litigation in accordance with the SPO. |

| | | |
|---|---|---|
| **4.** | **FACT DISCOVERY** | |
| a. | **Fact Discovery Limitations—** | |
| 1. | Maximum number of depositions by Plaintiff: | No numerical limit; See item 3 |
| 2. | Maximum number of depositions by Defendant: | No numerical limit; See item 3 |
| 3. | Maximum number of hours for each deposition: *(unless extended by agreement of parties)* | 50 hours per side in the aggregate; 7 hours maximum per deponent (superseding Fed. R. Civ. P. 30(d)(1)); expert depositions excluded |
| 4. | Maximum interrogatories by any party to any party: | 45, inclusive of interrogatories served in the Florida action and deemed served in this action |
| 5. | Maximum requests for admissions by any party to any party: | No limit |
| 6. | Maximum requests for production by any party to any party: | No limit |
| b. | **Other Fact Discovery Deadlines—** | |
| 1. | Deadline to serve written discovery: | November 23, 2026 |
| 2. | Deadline for fact discovery to close: | February 26, 2027 |

| | | |
|---|---|---|
| 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e):<br>*(optional)* | February 12, 2027 |

| | | |
|---|---|---|
| **5.** | **AMENDING OF PLEADINGS AND JOINING OF PARTIES[1]** | |
| a. | **Deadline to file a motion to amend pleadings—** | |
| 1. | Plaintiff: | January 8, 2027 |
| 2. | Defendant: | January 8, 2027 |
| b. | **Deadline to file a motion to join additional parties—** | |
| 1. | Plaintiff: | January 8, 2027 |
| 2. | Defendant: | January 8, 2027 |

| | | |
|---|---|---|
| **6.** | **EXPERT DISCOVERY** | |
| a. | **Filing of Notice of Designation required by DUCivR 26-1(a)(2)—** | |
| 1. | Parties bearing the burden of proof: | March 19, 2027 |
| 2. | Parties not bearing the burden of proof: | April 16, 2027 |
| b. | **Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports—** | |
| 1. | Parties bearing the burden of proof: | March 26, 2027 |
| 2. | Parties not bearing the burden of proof: | April 23, 2027 |
| 3. | Rebuttal reports, if any: | May 14, 2027 |
| c. | **Deadline for expert discovery to close:** | May 28, 2027 |

| **7.** | **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**[2] | |
|---|---|---|
| a. | **Deadline for filing dispositive or potentially dispositive motions:** *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | June 30, 2027 |
| b. | **Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motions are filed:** | |

SO ORDERED this _________ day of ______________, 2026.

BY THE COURT:

______________________________

PAUL KOHLER
United States Magistrate Judge

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).
[2] The court will enter the date in Section 7.b.