**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DRINK LMNT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ELMNT, LLC,<br><br>Defendant. | **STIPULATION AND ORDER REGARDING USE OF DISCOVERY FROM PRIOR ACTION**<br><br>Case No. 2:26-cv-00730-DBB-PK<br><br>District Judge David B. Barlow<br>Magistrate Judge Paul Kohler |

Plaintiff Drink LMNT, Inc. ("LMNT") and Defendant ELMNT, LLC ("ELMNT") (together, the "Parties"), through counsel, stipulate as follows:

WHEREAS, the Parties previously litigated *Drink LMNT, Inc. v. ELMNT, LLC*, No. 2:25-cv-01018-SPC-KRH (M.D. Fla.) (the "Florida Action"), in which LMNT asserted claims substantially similar to the claims it asserts in this action;

WHEREAS, the Parties also previously litigated *Drink LMNT, Inc. v. ELMNT, LLC*, No. 1:25-cv-10659-MJJ (D. Mass.) (the "Massachusetts Action"), which was dismissed for lack of personal jurisdiction on November 5, 2025; this Stipulation addresses only discovery from the Florida Action and does not extend to the Massachusetts Action;

WHEREAS, the Parties exchanged initial disclosures, served and responded to written discovery, and produced documents in the Florida Action before its dismissal without prejudice on jurisdictional grounds, but took no depositions in the Florida Action;

WHEREAS, on February 27, 2026, the Parties entered into a Confidentiality Agreement governing the exchange and handling of sensitive information in the Florida Action (the

"Confidentiality Agreement"), which remains in full force and effect and § 12.1 of which permits modification by written agreement of the Parties;

WHEREAS, the court's Standard Protective Order ("SPO") applies in this action under DUCivR 26-2;

WHEREAS, the Parties wish to avoid the burden and expense of duplicating discovery already taken; and

WHEREAS, on September 30, 2026, ELMNT filed its Answer and Counterclaims asserting counterclaims for tortious interference with economic relations and for a declaratory judgment of non-infringement (the "Counterclaims"), which were not asserted in the Florida Action and as to which no discovery was served or taken in the Florida Action;

NOW, THEREFORE, the Parties stipulate, and the Court orders, as follows:

1. **Written Discovery and Responses.** All interrogatories, requests for production, and requests for admission served in the Florida Action, and all responses, objections, and answers thereto, are deemed served, and all admissions made therein are deemed made, in this action, with the same force and effect as if originally served and made in this action. Nothing in this Stipulation limits any Party's right to seek withdrawal or amendment of any admission under Fed. R. Civ. P. 36(b).

2. **Document Productions.** All documents and electronically stored information produced by any Party in the Florida Action are deemed produced in this action, bearing the same Bates numbers, without the need for re-production. Nothing in this Stipulation constitutes an agreement, representation, or admission that any Party's production or discovery responses in the Florida Action were complete or sufficient, and each Party reserves all rights to challenge the sufficiency

of, and to seek supplementation of, the other Party's productions and responses, and all objections thereto.

3. **Initial Disclosures.** The Parties' disclosures under Fed. R. Civ. P. 26(a)(1) served in the Florida Action are deemed served in this action, subject to each Party's obligation to supplement under Fed. R. Civ. P. 26(e). Each Party shall serve supplemental initial disclosures by the deadline for initial disclosures set in the Court's scheduling order in this action.

4. **Numerical Limits.** The following limits apply in this action and shall be reflected in the Parties' Attorney Planning Meeting Report and proposed scheduling order:

(a) **Interrogatories.** Each Party may serve no more than forty-five (45) interrogatories on any other Party, inclusive of the interrogatories served in the Florida Action and deemed served under Paragraph 1.

(b) **Depositions.** Each side may take no more than fifty (50) hours of fact depositions in the aggregate, and no more than seven (7) hours of any single deponent, including any Fed. R. Civ. P 30(b)(6) deponent, in each case exclusive of depositions of expert witnesses, which are governed by Fed. R. Civ. P. 26(b)(4) and 30(d)(1).

(c) **Requests for Admission and Requests for Production.** No numerical limit, provided that requests for admission served in the Florida Action remain subject to Paragraph 1.

(d) **Counterclaims.** No discovery served or taken in the Florida Action shall be deemed to have exhausted any Party's ability to obtain discovery directed to the Counterclaims or to any claim or defense first asserted in this action, nothing herein

shall prohibit either Party from seeking discovery on any relevant topic in accordance with this stipulation, and any Party may seek modification of the limits in this Paragraph 4 for good cause.

5. **Depositions.** No depositions were taken in the Florida Action. Nothing in this Stipulation, and nothing in the Parties' Attorney Planning Meeting Report, deems any deposition to have been taken in this action, and Fed. R. Civ. P. 30(a)(2)(A)(ii) does not apply to any deposition noticed in this action by reason of the Florida Action.

6. **Confidentiality Designations.** Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Confidentiality Agreement, and deemed produced in this action under this Stipulation, shall be treated in this action as designated under the corresponding tiers of the SPO. In no event shall any material receive less protection in this action than it received under the Confidentiality Agreement; to the extent the SPO affords less protection to any category of designated material than the Confidentiality Agreement, the Confidentiality Agreement governs as to that material. The Parties, pursuant to § 12.1 of the Confidentiality Agreement, modify § 7.1 of that agreement to permit use of Protected Material in this action, subject to the SPO. The handling, use, disclosure, and challenge of all designated material in this action shall be governed by the SPO and this Stipulation, subject to the preceding sentence.

7. **Non-Waiver of Privilege.** Pursuant to Fed. R. Evid. 502(d), the production of documents or information subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or immunity, whether produced in the Florida Action and deemed produced here or produced in this action, does not waive any such privilege or protection in this

action or in any other federal or state proceeding. A producing party may assert a claim of privilege or protection over produced material at any time, and the procedures of Fed. R. Civ. P. 26(b)(5)(B) shall apply. This Paragraph addresses only waiver by production. It does not address whether any privilege or protection exists, or whether any privilege or protection has been waived on any ground other than the fact of production..

8. **Reservation of Rights.** Except as expressly stated, nothing in this Stipulation waives any Party's objections to the admissibility of any discovery material, alters any Party's discovery obligations in this action, or limits any Party's right to take additional discovery within the limits set by the scheduling order. Nothing in this Stipulation limits any Party's right to serve subpoenas under Fed. R. Civ. P. 45, to seek modification of the limits in Paragraph 4 for good cause, or to obtain discovery concerning the Counterclaims.

AGREED TO, through Counsel of Record.

Dated: October 9, 2026

/s/ Ryan Van Olst
Ryan Van Olst
Michael A. Albert
Evan C. Jones
Christina M. Licursi
WOLF, GREENFIELD & SACKS, P.C.

David P. Johnson
WORKMAN NYDEGGER

*Attorneys for Plaintiff*
*Drink LMNT, Inc.*

Dated: October 9, 2026

/s/ F. Christopher Austin
F. Christopher Austin
LEX TECNICA

*Attorney for Defendant*
*ELMNT, LLC*

**IT IS SO ORDERED.**

DATED this 13th day of October 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge